UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**EDDIE TEXADA**                                    **CIVIL ACTION NO. 06-2059 "P"**

**VS.**                                                         **JUDGE JAMES**

**JOHN GUNTER**                                **MAGISTRATE JUDGE HAYES**

### REPORT AND RECOMMENDATION

Plaintiff Eddie Texada filed a civil rights complaint (42 U.S.C. §1983) on November 2, 2006. When he filed his suit he was an inmate at the East Carroll Parish Detention Center (ECPDC) , Lake Providence. [doc. 1] On January 26, 2006, plaintiff was granted *in forma pauperis* status and notice of that fact was mailed to him and the ECPDC. [doc. 4] On February 5, 2007, the order was returned to the Clerk by the United States Postal Service with the following notation, "Return to sender, attempted – not known, unable to forward." [doc. 5]

### LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no

1

correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 29th day of March, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

2